**UNITED STATES of America, Appellee,**

v.

**Ian J. GOHAGEN, Appellant.**

**No. 89-1307.**

United States Court of Appeals, Eighth Circuit.

Submitted Sept. 15, 1989.

Decided Oct. 4, 1989.

Kenneth C. Hensley, Independence, Mo., for appellant.

Peter M. Ossorio, Kansas City, Mo., for appellee.

Before JOHN R. GIBSON, Circuit Judge, ROSS, Senior Circuit Judge, and WOLLMAN, Circuit Judge.

PER CURIAM.

Ian J. Gohagen appeals from a jury verdict finding him guilty of three counts of distribution of cocaine base, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and one count of possession of cocaine base with the intent to distribute, 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). He was sentenced to 97 months incarceration and was fined $10,000 on each of the four counts.

On three occasions in May and July of 1988, Detective Donald Birdwell purchased crack cocaine from the defendant. Detective Birdwell testified at trial that on the date of the second purchase, May 27, 1988, Gohagen showed Birdwell two bags of "shake" (crumbled cocaine base), and then reached into a clear plastic baggie and broke off a piece of crack from "a large piece of crack cocaine that hadn't been cut." Birdwell purchased the two bags of "shake" plus the piece of crack broken off by Gohagen.

Count III of the indictment charged Gohagen with possession of crack cocaine with the intent to distribute five or more grams, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). The charges in Count III stemmed from Gohagen's possession of the large piece of crack cocaine which Birdwell had observed on May 27th.

On appeal, Gohagen argues that he was entitled to a judgment of acquittal as to Count III because the evidence against him was insufficient to support his conviction. Gohagen claims that his conviction under § 841(b)(1)(B), which contains an enhanced penalty provision for possession with intent to distribute five grams or more of cocaine base, required that the government prove beyond a reasonable doubt that he possessed five or more grams of the controlled substance. Gohagen asserts that no evidence was presented at trial to establish with any certainty the quantity of cocaine that he had in his possession on May 27, 1988. The large piece of cocaine which formed the basis of Count III was never seized nor introduced at trial. According to Gohagen, therefore, the evi-

dence was insufficient for the jury to find that he possessed with the intent to distribute five or more grams of crack cocaine.

Gohagen's argument is without merit. In *United States v. Padilla*, 869 F.2d 372, 381 (8th Cir.), *cert. denied*, — U.S. —, 109 S.Ct. 3223, 106 L.Ed.2d 572 (1989), we held that the sufficiency of the evidence relating to the weight of the cocaine was a matter for the sentencing judge, and not the jury, to resolve. The quantity of the drug in § 841(b) "designates 'a particular fact relevant to *sentencing* defendants convicted under the substantive provisions of § 841(a), [and] dictate[s] the enhancement available if the sentencing judge determines the offense so warrants.'" *United States v. Padilla, supra*, 869 F.2d at 381 (quoting *United States v. Wood*, 834 F.2d 1382, 1390 (8th Cir.1987)) (emphasis added).

Accordingly, we interpret Gohagen's conviction under § 841(a), which requires that the government prove only that the defendant knowingly and intentionally possessed, with the intent to distribute, a controlled substance. Viewed in the light most favorable to the government, the evidence against Gohagen is more than sufficient to support the jury's verdict finding Gohagen guilty of possession of cocaine with the intent to distribute.

■ Gohagen's second argument is similar to his first in that he challenges the sufficiency of the evidence relating to the weight of the large piece of crack cocaine observed by Detective Birdwell on May 27, 1988. Gohagen's second argument, however, relates to the inclusion of the estimated weight of this large piece of crack for purposes of assigning a base offense level of 28 under the Sentencing Guidelines. Again, we find Gohagen's argument to be without merit.

There is no dispute that the amount of crack cocaine actually introduced into evidence totalled 14.9 grams. This quantity of crack carries with it an offense level of 26 (5–19 grams). Gohagen argues that his offense level should be based solely on the quantity of cocaine base actually introduced at trial and should not include the estimated weight of the large piece of crack which was never recovered.

■ It is not necessary that controlled substances are actually seized and analyzed in order to determine the appropriate offense level. The Sentencing Guidelines provide that, "where there is no drug seizure ... the sentencing judge shall approximate the quantity of the controlled substance." Guidelines Manual § 2D1.4, Commentary Note 2.

Based on Detective Birdwell's testimony that he observed crack cocaine, which was approximately five inches in diameter in an average-sized sandwich bag, the district court found that it had been established that the particular piece of crack cocaine in Gohagen's possession weighed at least 5.1 grams and was more likely to have been substantially larger than 5.1 grams. By adding the 5.1 grams to the 14.9 grams of cocaine base introduced into evidence, with a resulting total weight of 20.0 grams, the district court was required to impose a base offense level of 28. The district court was not clearly erroneous in determining the amount of cocaine involved and did not err in making the base offense level determination.

Based on the foregoing, we affirm the decision of the district court.