**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Thomas R. PUTNEY, Defendant–Appellant.**

**No. 89–10504.**

United States Court of Appeals, Ninth Circuit.

Submitted June 5, 1990.*

Decided June 29, 1990.

* The panel unanimously finds this case suitable for decision without oral argument. Fed.R.

App.P. 34(a) and Ninth Circuit Rule 34–5.

**478**

Stephen Mensel, Asst. Federal Public Defender, Fresno, Cal., for defendant-appellant.

Patrick K. Hanly, Asst. U.S. Atty., Fresno, Cal., for plaintiff-appellee.

Before SNEED, FARRIS and FERNANDEZ, Circuit Judges.

FARRIS, Circuit Judge:

Thomas Putney appeals from the denial of his motion for a *Franks* hearing, *see Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), arguing that he was entitled to a hearing to determine whether the magistrate issuing the search warrant for his property was misled by the supporting affidavit. He also assigns error to the district court's use of the capacity of his methamphetamine laboratory to determine the amount of methamphetamine involved in the crime for the purpose of fixing the base level offense under the sentencing guidelines.

We affirm.

 We reject Putney's appeal from the denial of his motion for a *Franks* hearing. We recognize that a defendant may challenge the accuracy of an affidavit supporting a search warrant under certain circumstances:

> [W]here the defendant makes a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, *and* if the allegedly false statement is necessary to the finding of probable cause, the Fourth Amendment requires that a hearing be held at the defendant's request.

*Franks v. Delaware*, 438 U.S. 154, 155–56, 98 S.Ct. 2674, 2676, 57 L.Ed.2d 667 (1978) (emphasis added). Upon this record, we hold that the necessary preliminary showing was not made.

The district court did not err in its application of the sentencing guidelines.

 The search of the laboratory produced only a small quantity of methamphetamine. Putney complains that the district court erred by using the amount of methamphetamine the laboratory was capable of producing in determining the base offense level for the charge he pled guilty to, manufacturing methamphetamine, 21 U.S.C. § 841(a)(1). He admitted to the probation officer who prepared the presentence report that he had produced about four pounds of methamphetamine during

the period for which he was charged. The government supplied information to the probation office that the laboratory was capable of producing twelve pounds. At the sentencing hearing, the Government maintained that the laboratory was capable of producing twenty-four pounds and moved to increase the base offense level. The district court denied the motion and adhered to the presentence report.

Section 841 is covered in sections 2D1.-1(a)(3) and 2D1.1(c) of the sentencing guidelines ("Unlawful Manufacturing, Importing, Exporting, or Trafficking (Including Possession with Intent to Commit These Offenses)"). The Guidelines effective January 15, 1988 apply. The events, plea agreement, and sentencing all occurred before the amendments effective November 1, 1989.

Section 2D1.1(a)(3), the applicable section, refers the court to the Drug Quantity Table set forth in section 2D1.1(c). If the drug is not on the chart, the court must turn to the conversion table to convert the drug into a drug listed on the chart. The January 15, 1988 amendments to the guidelines did not list methamphetamine but required conversion (1 gm methamphetamine = 5.0 gm cocaine). The district court properly converted methamphetamine to cocaine. The twelve pound figure produced a base offense level of 32.

In support of using this figure, the Government's brief cites Application Note 2 to section 2D1.4, which states:

> Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the controlled substance. In making this determination, the judge may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved.

Section 2D1.4 applies to Attempts and Conspiracies, 21 U.S.C. §§ 846, 963.

While Putney was indicted under section 846, he pled guilty only to violating section 841. Thus the section 2D1.4 Commentary cannot independently be the basis for the application. However, the January 15, 1988 amendments to section 2D1.1, applicable to Putney, added Application Note 11:

> 11. Types and quantity of drugs not specified in the count of conviction may be considered in determining the offense level. *See* § 1B1.3(a)(2) (Relevant Conduct). If the amount seized does not reflect the scale of the offense, *see* Application Note 2 of the Commentary to § 2D1.4. If the offense involved negotiation to traffic in a controlled substance, *see* Application Note 1 of the Commentary to § 2D1.4.

This triggers Application Note 2 to section 2D1.4, and the facts satisfy the language "does not reflect the scale of the offense." The charge is for manufacture of methamphetamine but the small amount seized does not indicate the amount made, nor the amount that could have been made, had the police not discovered the laboratory. *See United States v. Evans*, 891 F.2d 686 (8th Cir.1989) (sentence based on methamphetamine defendants could have made from chemicals seized in their laboratory (22.5 kg) not the amount actually produced at the time of seizure (0.0688 kg)), *cert. denied*, —— U.S. ——, 110 S.Ct. 2170, 109 L.Ed.2d 499 (1990); *United States v. Gerante*, 891 F.2d 364 (1st Cir.1989) (estimated amount of cocaine represented by $68,000 cash seized under § 841 indictment, for establishing base offense level, when believed money was result of recent sale); *United States v. Garcia*, 889 F.2d 1454 (5th Cir.1989) (base offense level set in accordance with amount of cocaine defendant promised to deliver (16 oz.) not amount actually delivered (8 oz.)), *cert. denied*, —— U.S. ——, 110 S.Ct. 1829, 108 L.Ed.2d 958 (1990); *United States v. Gohagen*, 886 F.2d 1041 (8th Cir.1989) (per curiam) (for purposes of applying sentencing guidelines for § 841 conviction judge estimated amount of cocaine involved from small piece that was entered into evidence, but which was broken off a larger piece observed by undercover agent).

The district judge properly applied the sentencing guidelines in using the capacity of the laboratory to determine the base offense level.

AFFIRMED.