933 F.2d 1017
 Unpublished Disposition
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 
 UNITED STATES of America, Plaintiff-Appellee,
v.
Raymond Lyle King, Defendant-Appellant.
 No. 90-10409.
 United States Court of Appeals, Ninth Circuit.
 Submitted May 14, 1991.*
Decided May 21, 1991.
 Before ALARCON, KOZINSKI and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Raymond Lyle King appeals from the judgment entered following his conviction for manufacturing methamphetamine, and aiding and abetting in its manufacture. King challenges the judgment of conviction on the ground that his conviction was obtained in violation of the double-jeopardy clause of the fifth amendment and the Speedy Trial Act, 28 U.S.C. Secs. 3161(b) and 3162(a)(1). King also appeals from the sentence of 78 months imposed by the trial court. King asserts that his base offense level was improperly computed under the Sentencing Guidelines. We disagree and affirm.
 
 
 3
 * On April 25, 1989, a complaint was filed charging King and Marc Meahan with conspiracy to manufacture methamphetamine. King was arrested on the complaint the same day. King and Marc Meahan were subsequently indicted on May 25, 1989, for conspiracy and for manufacturing and aiding and abetting the manufacture of a controlled substance. The indictment alleged that the crimes occurred between approximately July 15, 1988, and August 24, 1988. On November 30, 1989, King and Meahan were acquitted on the conspiracy count. The jury was unable to reach a verdict on the manufacturing count. The district court declared a mistrial. A new trial on the manufacturing count was scheduled for February 13, 1990. The government filed a superseding indictment on December 14, 1989, charging Meahan and King with manufacturing and aiding and abetting the manufacture of a controlled substance in violation of 21 U.S.C. Sec. 841(a)(1) and 18 U.S.C. Sec. 2. It was alleged in the superseding indictment that methamphetamine was manufactured from January of 1988 to August 24, 1988.
 
 
 4
 King filed a motion to dismiss on February 16, 1990, arguing that the superseding indictment violated the Speedy Trial Act because it was returned more than thirty days after the complaint was filed. On March 20, 1990, the district court denied the motion holding that the crime alleged in the superseding indictment was different from the charge in the original complaint. On April 4, 1990, King joined in Meahan's motion to dismiss pursuant to the double-jeopardy clause of the fifth amendment.
 
 
 5
 The jury found King guilty as charged in the superseding indictment. The jury was unable to reach a verdict as to Meahan.
 
 II.
 
 6
 King contends that the superseding indictment violated the Speedy Trial Act because it charged him with "the commission of an offense of manufacturing methamphetamine more than thirty days from the date on which [he] was arrested or served with a summons in connection with such charges in violation of [sic] Sec. 18 USC 3161(b)." Appellant's Reply Brief at 1. King argues that because the charge listed in the superseding indictment was "not identical to the original indictment in that [the] Government seeks to enlarge the time frame from on or about July to August 24, to January to August 24, 1988," it should have been brought within thirty days of the complaint. Appellant's Opening Brief at 10. King further argues that the manufacturing charge was included in the complaint because it was incorporated by reference to the accompanying affidavit. Appellant's Reply Brief at 2. King's arguments are without merit.
 
 
 7
 "We review factual findings concerning the Speedy Trial Act for clear error and questions of law concerning the application of the Act de novo." United States v. Karsseboom, 881 F.2d 604, 606 (9th Cir.1989) (citing United States v. Calabrese, 825 F.2d 1342, 1347 (9th Cir.1987)).
 
 
 8
 King's argument that the superseding indictment violates the Speedy Trial Act because it was "not identical" to the original charge and is "in connection with" the criminal activity for which he was arrested is not persuasive. The Speedy Trial Act is inapplicable to an indictment charging a defendant with a different offense from that charged in the original complaint. United States v. Heldt, 745 F.2d 1275, 1280 (9th Cir.1984); United States v. Pollock, 726 F.2d 1456, 1462 (9th Cir.1984). The complaint upon which King was arrested charged him with conspiracy, not manufacturing. The Speedy Trial Act provides in pertinent part: "Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. Sec. 3161(b). Dismissal under the Speedy Trial Act is governed by 28 U.S.C. Sec. 3162(a)(1).
 
 
 9
 Dismissal is required "only if the government fails to indict the defendant on a charge within thirty days of bringing that charge." United States v. Clay, 925 F.2d 299, 301-302 (9th Cir.1991) (citing United States v. Pollock, 726 F.2d 1456, 1462 (9th Cir.1984)). In Pollock, we noted that "Congress implicitly rejected [a] broad construction of the dismissal sanction" of 28 U.S.C. Sec. 3162(a)(1). Pollock, 726 F.2d at 1462. "The version of section 3162 actually passed by Congress, however, creates a sensible legal test that courts can efficiently apply. With the present more restrictive language the offenses to be dismissed are now apparent on the face of the complaint." Id. at 1463 (emphasis added).
 
 
 10
 King argues that the manufacturing charge was, in fact, included in the complaint because it was incorporated by reference to the accompanying affidavit. King asserts that he was arrested on the manufacturing charge because there were "two (2) charges set forth on the face of the complaint" and the manufacturing charge was "incorporated by reference" via the "attached declaration of Special Agent Donnelly." Appellant's Reply Brief at 2. The complaint, however, charged King with "knowingly and intentionally conspire[d] to manufacture a controlled substance to wit: Methamphetamine." King cites no authority for the proposition that under the act an uncharged offense may be incorporated by reference to a supporting affidavit for dismissal. In fact, this reading would destroy the traditional discretion of the prosecutor that "[d]ecisions such as when to arrest a suspect and which charges to bring fall primarily, if not exclusively, within the jurisdiction of the executive branch under the Constitution." Pollock, 726 F.2d at 1463 n. 11 (citing United States v. Miller, 722 F.2d 562 (9th Cir.1983)) As we have previously stated:
 
 
 11
 Charges not included in the original complaint are not covered by the Act and are restricted only by 'the applicable statute of limitations, the due process clause of the fifth amendment, the general sixth amendment right to a speedy trial, and the power of the court to dismiss a case in its entirety' under Rule 48(b).
 
 
 12
 United States v. Heldt, 745 F.2d 1275, 1280 (9th Cir.1984) (quoting Pollock, 726 F.2d at 1463 n. 11). While it is true the affidavit refers to King's involvement in the manufacture of methamphetamine, King was only charged with conspiracy in the complaint. It is well settled that conspiracy and the underlying offense are separate offenses. Ianelli v. United States, 420 U.S. 770, 777-779 (1975). The charge in the superseding indictment of manufacturing methamphetamine was a separate offense. It was not subject to dismissal under the Speedy Trial Act.
 
 III
 
 13
 King also asserts that the manufacturing charge in the superseding indictment is barred by the double-jeopardy clause of the fifth amendment. King contends that the fact that "the evidence from January through approximately June, 1988, which supports the superseding [sic] indictment, was offered but excluded by the Court at the first trial." Appellant's Opening Brief at 12. King argues that "the prosecution attempted to, and did prosecute defendant King for the same transaction for which he was acquitted." Id. We review de novo a district court's denial of a motion to dismiss an indictment for a violation of the double-jeopardy clause. United States v. Bates, 917 F.2d 388, 398 (9th Cir.1990) (citing United States v. Goland, 897 F.2d 405, 408 (9th Cir.1990)).
 
 
 14
 King's argument that the manufacturing charge in the superseding indictment violates the double-jeopardy clause is without merit. The superseding indictment did not charge King with the crime of conspiracy. Further, evidence that King's involvement in manufacturing amphetamine began prior to July 15, 1988, was not presented to the jury in the first trial. Prior to trial, the Government informed the court and the defendants in its trial brief that it would offer evidence relating to Meahan's and King's involvement in the manufacture of methamphetamine prior to July 15, 1988. Meahan objected to the introduction of this evidence and filed a motion in limine, seeking its exclusion. King joined in the motion. Meahan and King argued in their motion in limine that the evidence sought to be introduced by the Government was improper as prior bad or similar acts under rule 404(b) of the Federal Rules of Evidence. The Government argued that it was relevant evidence to prove the conspiracy alleged in the indictment. The district court granted the motion and excluded the evidence.
 
 
 15
 King cites Ashe v. Swenson, 397 U.S. 436, 447 (1970) for the proposition that the Government was collaterally estopped from bringing the superseding indictment because the "constitutional guarantee against double jeopardy forbids the prosecution from treating 'the first trial as no more than a dry run for the second prosecution.' " Appellant's Opening Brief at 13. The doctrine of collateral estoppel, however, "bars relitigation between the same parties of issues actually determined at a previous trial...." Id. at 441 (emphasis added).
 
 
 16
 The factual question whether King manufactured methamphetamine was not determined by the jury during the first trial because King was successful in suppressing such evidence. Thus, the doctrine of collateral estoppel is inapplicable.
 
 
 17
 King also appears to argue that the double-jeopardy clause precluded his prosecution for manufacturing amphetamine because this conduct arose from the same transaction involved in the conspiracy charge that resulted in an acquittal. This contention is without merit. King's retrial on a charge of manufacturing of amphetamines did not violate the double-jeopardy clause. The first trial resulted in a mistrial on the manufacturing count. See Richardson v. United States, 468 U.S. 317, 324 (1984). ("[W]e have constantly adhered to the rule that a retrial following a 'hung jury' does not violate the Double Jeopardy Clause"). King's argument that the manufacturing charge in the superseding indictment was in fact part of the same transaction as the conspiracy count on which he was acquired is of no avail because the "same transaction" test has not been adopted. See Grady v. Corbin, 110 S.Ct. 2084, 2094 n. 15 (1990) ("The court has 'steadfastly refused to adopt the "single transaction" view of the Double Jeopardy Clause.' ") (quoting, Garrett v. United States, 471 U.S. 773, 790 (1985).
 
 IV
 
 18
 King argues that the district court erred in determining his base offense level. The court found that King aided and abetted in the manufacture of 12 pounds of methamphetamine He asserts the court adopted the same calculation of the amount of methamphetamine that was manufactured at the same site in sentencing Thomas Putney. King contends this figure was in error. He asserts that the appropriate estimate of the amount of methamphetamine manufactured is one-half to two pounds. King alleges that the twelve-pound figure is inapplicable to him because there is no evidence that he was convicted of manufacturing methamphetamine during the same period of time or for the same quantity as Putney. King further argues that he was only involved in one manufacturing episode which, under the chemist's projections, would constitute only two pounds. King also contends that he only saw one-half pound manufactured during his involvement in the laboratory.
 
 
 19
 We review the factual findings underlying a district court's application of the Sentencing Guidelines for clear error. 18 U.S.C. Sec. 3742(d); United States v. Anderson, 895 F.2d 641, 644 (9th Cir.1990) (citing United States v. Sanchez-Lopez, 879 F.2d 823, (825 (9th Cir.1989)). If the inquiry is a purely legal question, the de novo standard applies. Id. (citing United States v. Restrepo, 884 F.2d 1294, 1295 (9th Cir.1989)).
 
 
 20
 The district court relied on the probation officer's recommendation contained in the presentence report, that the calculation of a twelve-pound production level of methamphetamine used in fixing Putney's sentence should be used in computing King's base offense level. The twelve-pound capacity level was based upon the testimony of a chemist that the lab was capable of producing four pounds of methamphetamine every two weeks.[1] The presentence report cited that portion of the Sentencing Guidelines which provide that the offense level for aiding and abetting is the same as that for the underlying offense." United States Sentencing Commission, Guidelines Manual, Sec. 2X2.1. Putney was convicted of manufacturing for a period of six weeks, from July of 1988 through August of 1988. The evidence in the record fully supports the district court's finding that King aided and abetted the manufacture of at least 12 pounds of methamphetamine.
 
 
 21
 The chemist testified at Putney's trial that, after reviewing his declaration, it was his opinion that the laboratory was capable of producing four pounds every two weeks. The chemist subsequently testified that he had misstated the laboratory's capacity in his declaration, and that the laboratory was capable of producing four pounds per week. The district court adopted the lower estimate of four pounds every two weeks because of the conflict in the chemist's testimony. Thus the record supports the district court's finding that King aided and abetted in the manufacture of 12 pounds of methamphetamine.
 
 
 22
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument pursuant to Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We recently upheld the district court's reliance on the laboratory's capacity to produce methamphetamine for determination of the base offense level in Putney's sentence. United States v. Putney, 906 F.2d 477, 478 (9th Cir.1990). We held that the district court "properly applied the sentencing guidelines in using the capacity of the laboratory to determine the base offense level." Id. at 478