985 F.2d 575
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Lawrence Earl HARRIS, Defendant-Appellant.
 No. 92-30109.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 18, 1992.*
Decided Feb. 4, 1993.
 
 Appeal from the United States District Court for the District of Oregon, No. CR-91-60158-1-MRH; Michael R. Hogan, District Judge, Presiding.
 D.Or.
 AFFIRMED.
 Before CHOY, SNEED and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Lawrence Earl Harris pleaded guilty to conspiracy to manufacture methamphetamine, 21 U.S.C. § 841(a)(1) (1988), and possession with intent to distribute methamphetamine, 21 U.S.C. § 846 (1988). On appeal he challenges his sentence, contending that the district court erred in determining the quantity of drugs. We reject his contention and we affirm.
 
 DISCUSSION
 
 3
 "The sentencing guidelines require a district court to determine the quantity of controlled substance involved and to base sentencing in part on this determination." United States v. Upshaw, 918 F.2d 789, 790 (9th Cir.1990) (citing U.S.S.G. § 2D1.1(a)(3)), cert. denied, 111 S.Ct. 1335 (1991). Accordingly, a district court may need to calculate "the amount of methamphetamine involved in the crime for the purpose of fixing the base level offense under the sentencing guidelines." United States v. Putney, 906 F.2d 477, 478 (9th Cir.1990). When precursor chemicals are seized, a court makes the calculation by "using the capacity of the laboratory." Id. at 480.
 
 
 4
 The district court here found that Harris had the "intent to manufacture at least ten kilograms of methamphetamine, but less than 30." Harris contends that his laboratory was not capable of producing that amount of drugs because a precursor chemical was missing. We reject that contention. The capacity of a methamphetamine laboratory need not be based only on the amounts of precursor chemicals seized. See United States v. Bertrand, 926 F.2d 838, 846-47 (9th Cir.1991) (affirming district court's determination of a laboratory's capacity even though a precursor chemical was absent).
 
 
 5
 The district court was faced with conflicting evidence of the production capacity of Harris' laboratory. In such instances, the court is required to resolve the conflict and make the necessary finding of fact. See Upshaw, 918 F.2d at 791. The court properly performed that task and we conclude that its finding is not clearly erroneous.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3