**UNITED STATES of America,**
**Plaintiff–Appellee,**

**v.**

**Luis Eduardo ANGULO,**
**Defendant–Appellant.**

**No. 90–8425.**

United States Court of Appeals,
Fifth Circuit.

March 8, 1991.

also challenges the sentence imposed by the district court following his conditional plea of guilt. We affirm.

## I

Sergeant Jose Coy is an investigator for the Texas Department of Public Safety, Narcotics Service, with four years service in that position and eight years total service as a Texas peace officer. While conducting undercover surveillance of alleged cocaine trafficking through the Waco bus terminal, Sergeant Coy developed reasonable suspicion that a gold Mercury Topaz and its occupants, Walter Villegas and Luis Angulo, were transporting cocaine. While following in an unmarked car, Sergeant Coy requested that a marked unit stop the vehicle and obtain identification.

At an intersection, a marked police car pulled behind the Topaz and began flashing its overhead emergency lights. The Topaz immediately turned the wrong way down a one-way street and attempted to speed away, with the marked unit and Sergeant Coy in pursuit. Sergeant Coy saw Angulo throw from the passenger window onto the curb two large plastic packets containing a white substance. One packet burst and its contents scattered. The other remained intact. Sergeant Coy stopped to retrieve the packets, which were later determined to contain cocaine. Angulo and Villegas were arrested further down the street.

As many chunks of cocaine as could be recovered from the dispersed packet were collected by the officers, and the rest was washed away by the Waco fire department. Sergeant Coy conducted an inventory search after the arrest of Angulo and Villegas. He found 26 grams of cocaine in a plastic bag hidden in a sock in Angulo's carry-on bag. Agents also found more cocaine in a brown bag in the front seat, as well as chunks in the front and back seats that appeared to have flown back in when Angulo tossed the packets out of the window. Taken together, the recoveries totalled 449.01 grams (almost one pound).

Angulo and Villegas were indicted for possession of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1).

Robert A. Canonico, (Court-appointed) Waco, Tex., for defendant-appellant.

LeRoy Morgan Jahn, Joan E.T. Stearns, Asst. U.S. Attys., and Ronald F. Ederer, U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge,
WILLIAMS and DAVIS, Circuit Judges.

CLARK, Chief Judge:

Luis Eduardo Angulo appeals the adverse judgment of the district court regarding his motion to suppress evidence. He

After the district court denied their motion for suppression of evidence, Angulo entered a conditional plea of guilt. Based on testimony by Sergeant Coy at sentencing regarding the quantity of unrecovered cocaine, the district court set Angulo's base offense level according to a finding of more than 500 grams of cocaine. Angulo received an upward adjustment for obstruction of justice for tossing the cocaine out of the window. He received a downward adjustment for acceptance of responsibility. The district court sentenced him within the applicable guideline range for an offense level of 26 and a criminal history category of I. Angulo received a prison term of 72 months, supervised release of three years, a fine of $15,000, and a special assessment of $50.

## II

## A

[Omitted by the court for purposes of publication]

## B

■■■ The guideline applicable to conviction under 21 U.S.C. § 841(a), possession of a controlled substance with intent to distribute, is U.S.S.G. § 2D1.1. Except in cases where death or bodily injury has resulted from the use of the controlled substance at issue, the base offense level is determined by the "Drug Quantity Table" immediately following this guideline. U.S.S.G. § 2D1.1(a)(3). This table assesses the proper base offense level according to the weight of the drug seized, or its equivalent to rated substances.

Particularly important to proper assessment of the base offense level is application note 12, which states in part: "If the amount seized does not reflect the scale of the offense, see Application Note 2 of the Commentary to § 2D1.4." U.S.S.G. § 2D1.1, comment (n. 12). The referenced note states in full:

Where there is no drug seizure or the amount seized does not reflect the scale of the offense, the sentencing judge shall approximate the quantity of the con-

trolled substance. In making this determination, the judge may consider, for example, the price generally obtained for the controlled substance, financial or other records, similar transactions in controlled substances by the defendant, and the size or capability of any laboratory involved.

U.S.S.G. § 2D1.4, comment (n. 2).

One of the packets of cocaine that Angulo tossed out of the car window burst upon impact and dispersed. Not all of this cocaine was capable of collection and weighing. Of the cocaine too small or powdered to be retrieved by hand, Sergeant Coy surveyed the ground and roughly estimated this cocaine to cover an area 4 to 5 feet by 40 yards. Sergeant Coy testified at sentencing before the district court that it was his opinion that there remained on the street at least another 100 grams, which he believed to be "a low estimate."

The actual cocaine seized and measured weighed 449.01 grams. This amount corresponds on the drug quantity table to a base offense level of 24, respecting "[a]t least 400 G but less than 500 G of Cocaine." Relying on Sergeant Coy's low estimate, the district court chose the base offense level of 26, respecting "[a]t least 500 G but less than 2 KG of Cocaine."

Angulo contends that the district court clearly erred by choosing the higher base offense level in reliance upon Sergeant Coy's approximation of the unrecovered cocaine. Citing *Townsend v. Burke*, 334 U.S. 736, 68 S.Ct. 1252, 92 L.Ed. 1690 (1948), he argues that this information was not accurate enough to afford him due process.

Due process does require that information relied upon when determining an appropriate sentence have "some minimal indicium of reliability" and bear "some rational relationship" to the decision to impose a particular sentence. *United States v. Vontsteen*, 910 F.2d 187, 190, *reh'g granted on other grounds*, 919 F.2d 957 (5th Cir.1990), *cert. denied*, —— U.S. ——, 111 S.Ct. 801, 112 L.Ed.2d 862 (1991). The guidelines provide that in resolving any disputed fact the court may consider any information that has "sufficient indicia of

reliability to support its probable accuracy." U.S.S.G. § 6A1.3, p.s. Enactment of the guidelines has not restricted the district court's wide discretion in the type and source of information it may consider when imposing sentence. *Vontsteen*, 910 F.2d at 190; *see also* 18 U.S.C. § 3661.

If information is presented to the sentencing judge with which the defendant would take issue, the defendant bears the burden of demonstrating that the information cannot be relied upon because it is materially untrue, inaccurate or unreliable. *Vontsteen*, 910 F.2d at 190 (citing *United States v. Flores*, 875 F.2d 1110, 1112–13 (5th Cir.1989)); *see also United States v. Alfaro*, 919 F.2d 962, 965 (5th Cir.1990) (party seeking adjustment to sentence level must establish factual predicate justifying adjustment). Furthermore, the district court need only determine its factual findings at sentencing by a "preponderance of the relevant and sufficiently reliable evidence." *Alfaro*, 919 F.2d at 965. Specific factual findings about the quantity of drugs to be used in setting the base offense level are reviewed on appeal only for clear error. *United States v. Pierce*, 893 F.2d 669, 678 (5th Cir.1990).

"It is not necessary that controlled substances are actually seized and analyzed in order to determine the appropriate offense level." *United States v. Gohagen*, 886 F.2d 1041, 1043 (8th Cir.1989). The estimate given here is exactly the type required when a defendant's own conduct makes precise measurement difficult, if not impossible, to accomplish. No evidence was offered to controvert Sergeant Coy's observations. The district court's reliance on the officer's testimony concerning his visual estimate was not clearly erroneous. *See Gohagen*, 886 F.2d at 1043.

## III

The judgment of the district court is AFFIRMED.