IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 96-10598
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellant,

versus

TOMMY MERREL JACKSON, also known as TJ;
DICKEY JOE JACKSON, also known as Joe Jackson;
CHARLES ALLEN HOUSE; also known as Chuck House,

Defendants-Appellees.

- - - - - - - - - -
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:95-CR-148-A
- - - - - - - - - -
April 15, 1997
Before GARWOOD, BENAVIDES and PARKER, Circuit Judges.

PER CURIAM:*

　　Tommy Merrel Jackson (Tommy) and Charles Allen House (House) were convicted of conspiracy to possess with intent to distribute methamphetamine. Dickey Joe Jackson (Dickey) was convicted of conspiracy to possess with intent to distribute methamphetamine, possession with intent to distribute methamphetamine, being a felon in possession of a firearm, and possession of an unregistered firearm.

_____

　　*　Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Dickey, who received a life sentence, argues that the district court erred by attributing 81.6 kilograms of methamphetamine to him and that the district court erred in not departing downward in sentencing him. He is incorrect. *United States v. Maseratti*, 1 F.3d 330, 340 (5th Cir. 1993), *cert. denied*, 510 U.S. 1129 (1994); *United States v. Angulo*, 927 F.2d 202, 204-05 (5th Cir. 1991); *United States v. Burleson*, 22 F.3d 93, 95 (5th Cir.), *cert. denied*, 115 S. Ct. 283 (1994).

Tommy contends that the district court erred by attributing 81.6 kilograms of methamphetamine to him, by finding that he used a weapon as defined under U.S.S.G. § 2D1.1(b)(1), and by determining that he was a leader or organizer of the methamphetamine conspiracy. His contentions are without merit. *United States v. Maseratti*, 1 F.3d 330, 340 (5th Cir. 1993), *cert. denied*, 510 U.S. 1129 (1994); *United States v. Angulo*, 927 F.2d 202, 204-05 (5th Cir. 1991); *United States v. Mitchell*, 31 F.3d 271, 277 (5th Cir.), *cert. denied*, 115 S. Ct. 455 (1994); *United States v. Elwood*, 999 F.2d 814, 817 (5th Cir. 1993).

House argues that the district court erred in denying his motions to suppress evidence and that the court abused its discretion by denying his motion for a severance of the trial. His contentions are also without merit. *United States v. Leon*, 468 U.S. 897, 922-23 (1984); *United States v. Kelley*, 981 F.2d 1464, 1470 (5th Cir.), *cert. denied*, 113 S. Ct. 2427 (1993); *United States v. Kane*, 887 F.2d 568, 573 (5th Cir. 1989), *cert.*

*denied* 493 U.S. 1090 (1990).

AFFIRMED.