IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-40687
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DEVIN DEVON DOMIO,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:96-CR-120-1
- - - - - - - - - -

April 10, 1998

Before JOLLY, JONES, and DUHÉ, Circuit Judges.

PER CURIAM:[*]

Devin Devon Domio appeals his sentence in his guilty-plea
conviction for possession with intent to distribute a controlled
substance.  He contends that the information in the PSR was
unreliable and that the PSR relied on multiple hearsay.

Domio bears the burden of proving that the information in
the PSR is inaccurate or unreliable.  United States v. Angulo,
927 F.2d 202, 205 (5th Cir. 1991).  If hearsay evidence has
sufficient indicia of reliability to support its probable

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

accuracy, a district court may consider it when making sentencing decisions. United States v. Billingsley, 978 F.2d 861, 866 (5th Cir. 1992). Domio admitted his conduct in selling crack cocaine to his customers every 7 to 10 days. These customers included various persons who in turn informed the confidential informant that the source of their crack cocaine was Domio. Thus, the hearsay and the PSR had a sufficient indicia of reliability. See United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994).

Further, Domio has submitted no evidence to contradict the information in the PSR. In the absence of any rebuttal evidence, the district court was not clearly erroneous in relying on the PSR, even if the PSR relied on hearsay. See United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995).

Accordingly, the district court did not clearly err in calculating Domio's relevant conduct. See United States v. Mergerson, 4 F.3d 337, 345 (5th Cir. 1993).

AFFIRMED.