IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30249
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PATRICK D. LOMAS,

Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 97-CR-42-1
- - - - - - - - - -

June 17, 1999

Before EMILIO M. GARZA, BENAVIDES, and PARKER, Circuit Judges.

PER CURIAM:[*]

Patrick D. Lomas was convicted of distribution of cocaine base, conspiracy to tamper with a witness, tampering with a witness, and using and carrying a firearm during and in relation to a crime of violence.  On appeal he asserts that his counsel was ineffective for opening the door to unfavorable evidence.  Generally, this court declines to review claims of ineffective assistance of counsel on direct appeal and has "undertaken to

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

resolve claims of inadequate representation on direct appeal only

in rare cases where the record allowed [this court] to evaluate fairly the merits of the claim." United States v. Higdon, 832 F.2d 312, 314 (5th Cir. 1987). This is not such a case and we will not review this matter in this appeal.

Lomas also argues that the district court clearly erred in its calculation of the amount of drugs included in his relevant conduct. See United States v. Mergerson, 4 F.3d 337, 345 (5th Cir. 1993). Lomas contends that the information in the PSR was unreliable because it stemmed from multiple hearsay from a questionable source. The presentence report (PSR) is considered reliable evidence for sentencing purposes. United States v. Vital, 68 F.3d 114, 120 (5th Cir. 1995). A district court may adopt facts contained in the PSR without further inquiry if the facts have an adequate evidentiary basis and the defendant does not present rebuttal evidence. United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994). A defendant who objects to the sentencing court's consideration of information in the PSR bears the burden of proving that the information is "materially untrue, inaccurate or unreliable." United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991). Lomas has submitted no evidence to rebut the findings of the PSR. The district court specifically found that the information in the PSR regarding the amount of cocaine base attributable to Lomas was reliable and Lomas has not produced anything to show that the finding was clearly erroneous.

AFFIRMED.