IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 98-30831
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

AARON ALEXANDER BOUTTE; DERRICK T. COTLONE,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 97-CR-20034
--------------------

November 3, 1999

Before HIGGINBOTHAM, DeMOSS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Derrick T. Cotlone appeals his conviction and sentence for conspiracy to distribute cocaine base, or crack.  Aaron Alexander Boutte appeals his convictions and sentence for conspiracy; for distribution of crack; for unlawful use of a communication facility, a telephone; and for being a felon in possession of a firearm.

Cotlone argues that the evidence was insufficient to prove his guilt beyond a reasonable doubt to the conspiracy count.  We have carefully considered Coltone's arguments and have reviewed

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the appellate record. After drawing all reasonable inferences in favor of the verdict, we conclude that a reasonable juror would have found beyond a reasonable doubt Cotlone guilty of the crack conspiracy. See United States v. Pineda-Ortuno, 952 F.2d 98, 102 (5th Cir. 1992); see also United States v. Maltos, 985 F.2d 743, 746 (5th Cir. 1992) (elements of drug conspiracy).

Boutte states his issue is a challenge to the sufficiency of the evidence on the count which charged him with unlawful use of a communication facility, a telephone, in causing or facilitating a felony, arranging to distribute crack. Boutte's argument concerns purported error by the district court in permitting FBI Special Agent Duenas to testify about the wire transfers and to give an opinion that the transfers conveyed drug proceeds. The argument is not germane to Boutte's stated issue. Thus, the sufficiency issue is deemed abandoned on appeal. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993); Fed. R. App. P. 28(a)(9).

Boutte argues that he was denied a fair trial by the district court's comments during the cross-examination of John Briggs Becton, Boutte's probation officer. Boutte unsuccessfully moved for mistrial on the basis of the court's comments. From our review of the record as a whole, we conclude that no harm ensued from any misstatement by the court in light of the court's subsequent admonishment to the jury, the court's charge to the jury, and Boutte's opportunity to recall Becton to the witness stand. See United States v. Wallace, 32 F.3d 921, 928 (5th Cir. 1994). The district court did not abuse its discretion in

denying the motion for mistrial.  See <u>United States v. Mitchell</u>, 166 F.3d 748, 753 (5th Cir. 1999).

Boutte challenges the court's finding concerning the amount of crack for which he was held responsible in determining his sentence.  We conclude that the district court's factual finding is not clearly erroneous.  See <u>United States v. Angulo</u>, 927 F.2d 202, 205 (5th Cir. 1991).

AFFIRMED.