IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40806
Conference Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TOMMIE EDWARD WILEY,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:98-CR-150-1
--------------------
February 16, 2000

Before EMILIO M. GARZA, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Tommie Edward Wiley pleaded guilty to possession with intent to distribute crack cocaine on October 22, 1998.  He appeals the district court's two level increase to his offense level for possession of a dangerous weapon during a drug offense under U.S. Sentencing Guidelines § 2D1.1(b)(1).  According to the presentence report, a handgun was found in the trunk of a car from which Wiley sold cocaine in June 1998.  Wiley argues that

_____

      [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

there was insufficient evidence connecting him to the June 1998 offense and that the prior drug incident occurred four months before the drug offense to which he pleaded guilty.

The district court's decision to enhance under § 2D1.1(b)(1) is a factual finding which we review for clear error.  <u>United States v. Castillo</u>, 77 F.3d 1480, 1498 (5th Cir. 1996).  Wiley may be held accountable under § 2D1.1(b)(1) for possessing a firearm during a drug offense that counted as relevant conduct.  <u>See</u> <u>United States v. Vaquero</u>, 997 F.2d 78, 85 (5th Cir. 1993); <u>see</u> <u>also</u> U.S.S.G. § 2D1.1, Appendix C, Amendment 394.  The information in the PSR was sufficient to establish that Wiley was involved in the June 1998 drug offense and that a gun was present where the drug trafficking occurred.  Wiley did not present evidence refuting the information in the PSR, and the district court did not err in relying on the PSR to increase Wiley's offense level under U.S.S.G. § 2D1.1(b)(1).  <u>See</u> <u>United States v. Angulo</u>, 927 F.2d 202, 204-05 (5th Cir. 1991).

AFFIRMED.