IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-50096
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSÉ LUIS CARDENAS,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. EP-98-CR-1605-ALL-DB
--------------------
August 23, 2000

Before KING, Chief Judge, and POLITZ and WIENER, Circuit Judges.

PER CURIAM:[*]

José Luis Cardenas pleaded guilty to an indictment charging him with conspiracy to possess with intent to distribute marijuana.  Cardenas contends that the district court erred by increasing his offense level by two levels pursuant to U.S.S.G. § 3B1.1 because he was an organizer or leader of the offense. Cardenas argues that he was not provided with an adequate opportunity to present information to the court regarding his role in the offense.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

"If information is presented to the sentencing judge with which the defendant would take issue, the defendant bears the burden of demonstrating that the information cannot be relied upon because it is materially untrue, inaccurate or unreliable." United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991). Counsel presented argument but did not offer any evidence. Cardenas had an opportunity to address the issue and failed to demonstrate that the information relied upon by the district court was materially untrue or unreliable.

Cardenas argues that his codefendant's uncorroborated hearsay statements provided the only evidence showing that he had an aggravating role in the offense.  Accordingly, Cardenas argues, the district court lacked an adequate evidentiary basis for concluding that he had a leadership role in the offense. A district court's determination that a defendant played an aggravating role is a factual finding subject to the "clearly erroneous" standard of review.  United States  v. Alvarado, 898 F.2d 987, 993 (5th Cir. 1990).

"In resolving any dispute concerning a factor important to the sentencing determination, the court may consider relevant information without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its probable accuracy."  U.S.S.G. § 6A1.3.

> [A] district court has discretion to adopt a presentencing report's facts without more specific inquiry or explanation where the defendant presented only general unsupported objections to the report. Further, while a presentencing report may be relied on by the trial judge as evidence in determining a

> sentence, unsworn assertions by the defendant are unreliable and not to be considered.

United States v. Gray, 105 F.3d 956, 969 (5th Cir. 1997) (internal citation omitted).  The factual basis stipulated to by Cardenas in connection with the plea agreement corroborated the codefendant's statement.  Cardenas presented no additional evidence, apart from his own unsworn statement, showing that he did not have a leadership role.  The district court's ruling was not clearly erroneous.  The judgment is

AFFIRMED.