IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————

No. 00-30263
Summary Calendar

———————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

THERON DION BROWN,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 99-CR-60039-3
--------------------
March 26, 2001

Before DAVIS, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Theron Dion Brown was indicted on various drug and firearms charges and pleaded guilty to two counts: making a false statement in connection with the acquisition of a firearm, 18 U.S.C. § 922(a)(6); and possession with intent to distribute less than five grams of cocaine base, 21 U.S.C. § 841(a)(1). Brown was sentenced to 121 months' imprisonment: 120 months on the firearm charge and 121 months on the drug-possession charge, both sentences to run concurrently.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Brown argues that the district court erred by sentencing him to the 120-month statutory maximum on the firearm count. The combined offense level for both counts resulted in a range of 121-151 months' imprisonment. However, because the statutory maximum was less than the minimum of the applicable guideline range, the statutory maximum became the guideline sentence. U.S.S.G. § 5G1.1(a). Because the statutory maximum on the firearm count is ten years (or 120 months), the district court did not err in sentencing Brown to 120 months on that count.

Brown also argues the district court erred by attributing 141.75 grams of cocaine base to him at sentencing based on the allegedly unbelievable testimony of two witnesses. "If information is presented to the sentencing judge with which the defendant would take issue, the defendant bears the burden of demonstrating that the information cannot be relied upon because it is materially untrue, inaccurate or unreliable." United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991).

The district court stated that it did not believe Brown's testimony. Although Brown also attacked the general credibility of the other witnesses, the only discrepancy Brown showed involved the specific location from which the money wires used to pay for cocaine base were sent; Brown did not show that any other testimony regarding the money wires was "materially untrue." See Angulo, 927 F.2d at 205. Thus, there was no "clear error" in the district court's determination that a preponderance of the evidence supported a finding that Brown had sent these money wires to pay for cocaine base.

Brown argues that the "limited" view of <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348, 2262-63 (2000), articulated by this court results in constitutional violations because relevant conduct determined only by a preponderance of the evidence standard is used to severely enhance the sentences of those who plead guilty or are convicted.  In his own case, Brown argues that he pleaded guilty only to possession of .01 grams of cocaine base and would never have pleaded guilty to possession of 141.75 grams; Brown argues he is being convicted of a crime he did not plead guilty to, a crime that was never presented to a grand jury, and a crime that was not proved beyond a reasonable doubt.

However, Brown admits that prior decisions of the court foreclose this argument.  In <u>United States v. Doggett</u>, 230 F.3d 160 (5th Cir. 2000), this court said that if enhanced penalties based on the amount of drugs are sought under 21 U.S.C. § 841(b)(1)(A) or (B), the amount must be stated in the indictment and submitted to the trier of fact for a finding of proof beyond a reasonable doubt.  <u>Id.</u> at 164-65.  However, if an amount is not alleged in the indictment, a sentence of less than the maximum provided by 21 U.S.C. § 841(b)(1)(C), the "baseline" subsection which does not require any particular drug amount, does not violate <u>Apprendi</u>.  <u>Id.</u> at 165.  Brown was convicted under 21 U.S.C. § 841(b)(1)(C), which provides a maximum penalty of twenty years, or 240 months' imprisonment; because his sentence of 121 months is less than that statutory maximum, <u>Apprendi</u> does not apply.

AFFIRMED.