IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 00-20594
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ORLANDO PARDO,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Southern District of Texas
USDC No. H-00-CR-15-1
_____

April 11, 2001

Before JOLLY, DAVIS, and STEWART, Circuit Judges.

PER CURIAM:[*]

Orlando Pardo contends that the district court erred by considering his involvement in a 160-kilogram cocaine transaction as relevant conduct in determining his offense level. Pardo had disclosed the transaction to the government during a debriefing, which was conducted pursuant to a proffer agreement granting him use immunity. Information provided under an agreement of use immunity may be considered at sentencing but shall not be used in determining the applicable guideline range unless the information

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was "known to the government prior to entering into the cooperation agreement . . . ." U.S.S.G. § 1B1.8(a) & (b)(1). The district court found that the information was known to the government prior to the debriefing. We review this finding for clear error. United States v. Gibson, 48 F.3d 876, 878 (5th Cir. 1995).

The district court's finding was based upon information provided by the probation officer in the presentence investigation report and in response to Pardo's objection to the probation officer's report. Although the government had the initial burden of showing, by a preponderance of the evidence, that it had developed knowledge of the transaction prior to the debriefing, see Kastigar v. United States, 406 U.S. 441, 460-62 (1972), the district court had discretion to adopt the probation officer's findings without more specific inquiry or explanation because Pardo offered only general unsupported objections to the probation officer's report. United States v. Gray, 105 F.3d 956, 969 (5th Cir. 1997); see Gibson, 48 F.3d at 878; United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991). Unlike United States v. Shacklett, 921 F.2d 580 (5th Cir. 1991), cited by Pardo, evidence was presented at Pardo's detention hearing, held prior to Pardo's debriefing, showing that the government knew of Pardo's involvement in the transaction.

Pardo complains for the first time on appeal that the Government breached its promise to disclose the results of scientific tests and examinations by failing to disclose the qualifications and training of individuals who had compared a recorded conversation regarding the 160-kilogram transaction with an exemplar of Pardo's voice.  We review this issue for plain error.  See United States v. Calverley, 37 F.3d 160, 162-64 (5th Cir. 1994) (en banc).  Pardo has not shown any error, plain or otherwise, with respect to the failure of the government to disclose information regarding the monitors' qualifications.  The judgment is

A F F I R M E D.