IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50814
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

OVIEDO MIRANDA-ORDONEZ,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
(01-CR-556-ALL-DB)
--------------------
March 27, 2002

Before HIGGINBOTHAM, WIENER, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Oviedo Miranda-Ordonez has appealed his sentence following his conviction for being an alien found illegally in the United States following deportation in violation of 8 U.S.C. § 1326. Miranda contends that the homicide conviction that resulted in his increased sentence under 8 U.S.C. § 1326(b)(2) was an element of the offense that should have been alleged in the indictment. Miranda concedes that this argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998).

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000), cert. denied, 531 U.S. 1202 (2001).  He nevertheless seeks to preserve the issue for Supreme Court review in light of the decision in Apprendi v. New Jersey, 530 U.S. 466 (2000).

Miranda also contends that the homicide conviction, rendered by a court in Mexico, was not reliable and, accordingly, should not have been considered in imposing the 8 U.S.C. § 1326(b)(2) enhancement.  See U.S.S.G. § 2L1.2(b)(1)(A).  "[A] presentence report generally bears sufficient indicia of reliability to be considered as evidence by the trial court in making the factual determinations required by the Guidelines."  United States v. Robins, 978 F.2d 881, 889 (5th Cir. 1992).  A defendant challenging the findings in the PSR has the burden of demonstrating that the information in the PSR is "materially untrue, inaccurate, or unreliable." United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991).  The probation officer's statement, in determining Miranda's criminal history score, that she was "[u]nable to establish legal representation" is not tantamount to a finding that Miranda was not assisted by counsel. The district court did not err in finding that the Mexican homicide conviction was an "aggravated felony" for purposes of 8 U.S.C. § 1326(b)(2) and U.S.S.G. § 2L1.2(b)(1)(A) (2000).

Miranda's sentence is

AFFIRMED.