IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-20879
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

LEE WAYNE SIMPSON,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-235-1
--------------------
June 19, 2002

Before HIGGINBOTHAM, DAVIS, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:*

     Lee Wayne Simpson pleaded guilty to counts 1 and 2 of an

indictment charging him with bank fraud and has appealed his

sentence.  Simpson argues that the district court erred by

finding that he was a "leader" in the offense under U.S.S.G.

§ 3B1.1(a).  Simpson contends that he should have been

considered, instead, to be a "supervisor" under U.S.S.G.

§ 3B1.1(b).  We review the district court's finding for clear

---

     * Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

error.  See United States v. Valencia, 44 F.3d 269, 272 (5th Cir. 1995).

Simpson argues that "the accomplice testimony suggested everyone described in the [presentence report] was trying to minimize their participatory role" and that their statements that Simpson had a broader role than that of a supervisor should not be credited because of Simpson's illiteracy.  This argument is without merit.  A defendant challenging the findings in the presentence report has the burden of demonstrating that the information in the presentence report is "materially untrue, inaccurate, or unreliable."  United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991).  Simpson did not present any evidence. The fact that the evidence may have been susceptible of a different interpretation is not sufficient to show that the district court's finding was clearly erroneous.  See United States v. West, 58 F.3d 133, 137 (5th Cir. 1995).

AFFIRMED.