**F I L E D**
**United States Court of Appeals**
**Fifth Circuit**

**March 27, 2003**

**Charles R. Fulbruge III**
**Clerk**

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

---

No. 02-10912
Summary Calendar

---

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROLAND DALE NOE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:02-CR-16-1-A
--------------------

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Roland Dale Noe appeals the 235-month sentence imposed
following his guilty plea to possession with intent to distribute
methamphetamine in violation of 21 U.S.C. §§ 841(a) & (b).

The district court did not err in applying the
preponderance-of-the-evidence standard to a disputed sentencing
issue.  See United States v. Carreon, 11 F.3d 1225, 1240 (5th
Cir. 1994).  Noe did not meet his burden of showing that the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

information in the presentence report concerning relevant conduct was unreliable.  See United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991).  The district court did not err in determining that methamphetamine sold by Noe in 1995-96 was relevant conduct for sentencing purposes because the record supports a determination that those sales were part of the same course of conduct as the offense of conviction.  See United States v. Ocana, 204 F.3d 585, 588-89 (5th Cir. 2000).  Finally, the district court's decision that Noe was not entitled to an offense-level reduction for acceptance of responsibility was not without foundation.  See United States v. Solis, 299 F.3d 420, 458 (5th Cir. 2002); United States v. Chapa-Garza, 62 F.3d 118, 123 (5th Cir. 1995).

AFFIRMED.