**United States Court of Appeals**
**Fifth Circuit**

**F I L E D**

**June 4, 2003**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 02-41245
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RODRICK LANIER NELSON,
also known as Big Dummy,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:01-CR-32-4
--------------------

Before JONES, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Rodrick Lanier Nelson appeals his sentence following his guilty-plea conviction for possession with the intent to distribute cocaine base. Specifically, Nelson challenges the district court's two-level increase to his offense level for possession of a dangerous weapon during a drug offense pursuant to U.S.S.G. § 2D1.1(b)(1). Nelson also contends that the district court erred in attributing to him as relevant conduct the quantities of crack cocaine from two prior drug transactions. We have determined that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Nelson's notice of appeal was timely for purposes of vesting this court with jurisdiction to consider this appeal. United States v. Lister, 53 F.3d 66, 68 (5th Cir. 1995).

Nelson's challenge to the U.S.S.G § 2D1.1(b)(1) two-level enhancement consists of an attack on the credibility of a witness. Because this court will not casually disturb credibility determinations on appeal, we hold that the district court did not clearly err in assessing the firearms enhancement. See United States v. Powers, 168 F.2d 741, 752-53 (5th Cir. 1999); United States v. Westbrook, 119 F.3d 1176, 1192-93 (5th Cir. 1997). Similarly, because Nelson does not establish that the information in the Presentence Report concerning the additional drug deals was "materially untrue, inaccurate or unreliable," he fails to demonstrate that the district court clearly erred in determining that these other incidents constituted relevant conduct. United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991); United States v. Vine, 62 F.3d 107, 109 (5th Cir. 1995).

AFFIRMED.