United States Court of Appeals
Fifth Circuit

**F I L E D**

February 10, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS**

**For the Fifth Circuit**

—————————————————

**No. 03-20102**

—————————————————

**UNITED STATES OF AMERICA**

**Plaintiff-Appellee**

**VERSUS**

**ARMANDO LOPEZ HERNANDEZ**

**Defendant-Appellant**

———————————————————————————————————————

**Appeal from the United States District Court
for the Southern District of Texas
(H-02-CR-544-1)**

———————————————————————————————————————

Before DAVIS & EMILIO M. GARZA, Circuit Judges, and LITTLE*, District Judge.

LITTLE, District Judge:**

Appellant, Armando Lopez Hernandez ("Hernandez") questions the district court's judgment of conviction and sentence entered in January 2003. Specifically, Hernandez asserts that the district court improperly credited him with a state court conviction for aggravated assault. In so doing, the criminal history points accorded to Hernandez under U.S. Sentencing Guideline ("USSG") §§ 4 A1.1 (c) & (d) were excessive and should not have been assessed. As we explain in this opinion, the district court correctly applied the appropriate number of criminal history points. Thus, we affirm the district court's sentence.

—————————————————————————————

*District Judge of the Western District of Louisiana, sitting by designation.

**Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not

precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

## BACKGROUND

The material uncontested facts preceding the district court's imposition of sentence are uncomplicated. Hernandez was indicted on 7 August 2002 in the Houston Division of the Southern District of Texas for illegal reentry after deportation after an aggravated felony conviction, in violation of 8 U.S.C.§ 1326 (a)(b)(2). The government alleges that on 3 July 1996, Hernandez was convicted of felony aggravated assault in a Texas state court and sentenced to five years in prison, probated for five years. Hernandez is a citizen of Mexico, and as a result of the state court felony conviction, was deported to his country of origin in July of 1996. Less that five years after deportation, Hernandez illegally reentered the United States. During the period of illegal reentry, Hernandez admitted to the commission of two crimes in North Carolina. The North Carolina convictions resulted in jail time sentences.

On 27 June 2002, the INS located Hernandez in Houston, where he was incarcerated for state probation violations. On 12 July 2002, Hernandez's aggravated assault conviction was revisited by Texas state judicial process. The writing dealing with the former state court conviction declared "Therefore, the community supervision period is terminated, and it is ordered, adjudged , and decreed: unsatisfactorily terminated-void judgment." Hernandez entered a guilty plea to illegal reentry.

Subsequent to the guilty plea, the U.S. Probation officer prepared a Presentence Report ("PSR"). In that report, the probation officer calculated the defendant's criminal history points. The calculation included points for the state court aggravated assault conviction. The PSR suggested that Hernandez had experienced a total offense level of twenty one points, which included a sixteen-

2

level increase for the Texas aggravated assault conviction. The criminal history category was also impacted by the Texas felony conviction. The sentence range suggested by the U.S.S.G. was 46 to 57 months.

Hernandez found fault with the calculations of the probation officer. He contended to the sentencing judge, and in these proceedings as well, that the Texas state court felony judgment is void and that no points to his detriment should flow from that whitewashed judgment.

The meaning of the phrase "unsatisfactorily terminated-void judgment" was the topic of further investigation by the probation officer. After discussions with Texas state court personnel, the probation officer amplified her original PSR. She informed the court and the defendant that the phrase did not void the underlying criminal conviction but was standard verbiage employed by the court to terminate community supervision or probation. The probation portion of the judgment tethered to the criminal judgment was terminated due to Hernandez's post conviction illegal activity. The probation officer, reflecting an apparent attitude of fairness, invited Hernandez to supply documentation to support his position that the entire criminal judgment was void. No additional information was provided to the trial court. The trial court adopted the PSR. A 57 month sentence was imposed. This appeal followed the imposition of sentence.

ANALYSIS

The legal interpretation and application of the sentencing guidelines are reviewed de novo by this court. We review the factual findings of the trial court in connection with sentencing for clear error. United States. v. Parker, 133 F.3d 322, 329 (5th Cir.1998) (citation omitted). The burden is upon Hernandez to prove that the state court in fact declared his aggravated assault conviction void.

Facts contained in a PSR are considered reliable and may be adopted without further

3

inquiry if the defendant fails to present competent rebuttal evidence. <u>See</u> <u>United States v. Puig-Infante</u>, 19 F.3d 929, 943 (5th Cir. 1994). Such rebuttal evidence must demonstrate that the PSR information is "materially untrue, inaccurate or unreliable," <u>see</u> <u>United States v. Angulo</u>, 927 F.2d 202, 205 (5th Cir. 1991). Mere objections do not suffice as competent rebuttal evidence. <u>See</u> <u>Puig-Infante</u>, 19 F.3d at 943.

<u>United States v. Parker</u>, 133 F.3d at 329.

The probation officer determined from state court authorities that the probation portion of the criminal judgment had been terminated in standard form, not the entire judgment. The trial court adopted that analysis. Hernandez failed to disabuse the court from that determination. The judgment is AFFIRMED.