IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-60671
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

J. B. REED,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Mississippi
USDC No. 3:01-CR-140-1-D
--------------------
February 13, 2003

Before BARKSDALE, DeMOSS, and BENAVIDES, Circuit Judges.

PER CURIAM:*

J.B. Reed appeals his guilty-plea conviction of aiding and abetting others in the distribution of cocaine base in violation of 18 U.S.C. § 841(a) and (b)(1)(C). He argues that the district court erred under U.S.S.G. § 1B1.3 in holding him accountable for 46.6 grams of cocaine base distributed by himself and his co-defendants. He argues there was no evidence to support a finding that he was part of a conspiracy and, thus, that he should

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

be held accountable for the conduct of his co-defendants. Alternatively, he argues that, even if there was an adequate evidentiary basis for these facts in the presentence report (PSR), he rebutted this evidence with his sworn testimony at the sentencing hearing and the Government did not offer anything to controvert his rebuttal evidence.

"[A] defendant's base offense level for the offense of conviction must be determined on the basis of all 'relevant conduct' as defined in U.S.S.G. § 1B1.3." United States v. Vital, 68 F.3d 114, 117 (5th Cir. 1995). Relevant conduct includes "all reasonably foreseeable acts and omissions of others in furtherance of the jointly undertaken criminal activity." U.S.S.G. § 1B1.3(a)(1)(B). We review for clear error the district court's determination of what constitutes relevant conduct. United States v. Wall, 180 F.3d 641, 644 (5th Cir. 1999).

The PSR described a conspiracy to distribute cocaine base which included Reed, his brother, and two other individuals. The PSR indicated that there was an investigation of the conspiracy and Reed's involvement from May 8, 2001, until June 26, 2001. The PSR also detailed the amount of drugs that were distributed by the members of the conspiracy during that time.

A defendant who objects to the sentencing court's consideration of information in the PSR bears the burden of proving that the information is "materially untrue, inaccurate or unreliable." United States v. Angulo, 927 F.2d 202, 205 (5th Cir.

2

1991). The only evidence offered by Reed to demonstrate that the statements in the PSR were unreliable, untrue, or inaccurate was his self-serving testimony that he was not involved in the stated conspiracy. The district court obviously did not find Reed's testimony credible, and we will not disturb this credibility determination by the district court. See United States v. Edwards, 65 F.3d 430, 432 (5th Cir. 1995); see also 18 U.S.C. § 3742(e).

Accordingly, based on the information contained in the PSR, the district court did not clearly err in holding Reed accountable for 46.6 grams of cocaine base. Reed's sentence is therefore AFFIRMED.