United States Court of Appeals
Fifth Circuit

**F I L E D**

June 21, 2005

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-50464
Conference Calendar

_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

KEITHRIC FRANCISCUS THOMAS, also known as Keithric Thomas,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. 6:03-CR-38-6
--------------------

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

     Keithric Thomas appeals the 121-month sentence imposed
following his guilty-plea conviction of one count of conspiring
to distribute in excess of 50 grams of cocaine base.  Thomas
argues that the district court erred in determining that he was
responsible for 11 kilograms of "crack" cocaine because the
information relied on by the district court lacked corroboration
or indicia of reliability.

_____

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Thomas has not shown that the drug quantity information contained in the PSR was "materially untrue, inaccurate or unreliable." See United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991). The district court's finding as to drug quantity is plausible in light of the record viewed as a whole and thus is not clearly erroneous. See Burton v. United States, 237 F.3d 490, 500 (5th Cir. 2000).

In a supplemental letter brief filed after the Supreme Court's decision in United States v. Booker, 125 S. Ct. 738 (2005), Thomas contends that the district court violated the Sixth Amendment by enhancing his sentence, pursuant to a mandatory application of the sentencing guidelines, based on factual findings not found by a jury or admitted by him. He also contends that the district court erred under Booker by applying the guidelines mandatorily. Thomas concedes that these arguments are subject to plain error review because they are raised for the first time on appeal.

Thomas argues that his case should be remanded for resentencing because it cannot be determined whether the district court would have imposed the same sentence under an advisory scheme. Thomas has failed to show that the sentencing judge would have reached a significantly different result as to his sentence if sentencing under an advisory scheme. See United States v. Mares, 402 F.3d 511, 521 (5th Cir.), petition for cert. filed (Mar. 31, 2005) (No. 04-9517). Here, as in Mares, "there

is no indication in the record from the sentencing judge's remarks or otherwise that gives us any clue as to whether []he would have reached a different conclusion." <u>Mares</u>, 402 F.3d at 522. Accordingly, Thomas has not met the plain error standard. <u>See</u> <u>id.</u>

AFFIRMED.