United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 11, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 06-10287
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

CYNTHIA WRIGHT

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:05-CR-135
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

Cynthia Wright appeals the 24-month sentence imposed following her guilty plea conviction for making a false statement to a government agency. Wright argues that the district court clearly erred in calculating the amount of loss arising from her offense and, thus, miscalculated the sentencing guidelines range.

"For sentencing purposes, the district court may consider any relevant evidence without regard to its admissibility under the rules of evidence applicable at trial, provided that the information has sufficient indicia of reliability to support its

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

probable accuracy." United States v. Davis, 76 F.3d 82, 84 (5th Cir. 1996) (internal quotation marks and citations omitted).

Wright has not carried her burden of showing that the district court relied on materially untrue evidence in determining the amount of loss. United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991). The evidence showed that Wright misused the union credit card for her personal expenses and did not reimburse the union for the majority of those charges. Wright failed to show that the expenses were union related. Wright also did not rebut the Government's evidence that she was paid twice for her annual leave used for union business. The district court did not clearly err in determining the amount of loss. United States v. Saacks, 131 F.3d 540, 542 (5th Cir. 1997).

Wright also argues that the obstruction of justice enhancement was unwarranted because she did not conceal union records, but place them in a storage unit for safekeeping. She contends that she provided the agents with all the records in her possession.

The Government presented evidence that showed that contrary to union by-laws, Wright improperly kept control of the union records during her entire term as president and that, even prior to placing the records in storage, Wright failed to provide agents with union records despite their repeated requests. The evidence also showed that following her defeat as president,

Wright did not deliver the records to the secretary/treasurer as required by the union by-laws, but placed them in storage where they were inaccessible to the officer responsible for them. Wright has not shown that the evidence that she intentionally took steps to conceal the records from the Department of Labor and from the union officers was materially untrue. See U.S.S.G. § 3C1.1(A); § 3C1.1, comment. (n.4(d)); Angulo, 927 F.2d at 205. The district court did not clearly err in making an enhancement based on the obstruction of justice.

Wright argues that the district court erred in denying her a reduction of her offense level for acceptance of responsibility. She contends that she made valid objections to the loss calculation and that her truthful testimony about her right to use the credit card was corroborated by other union members.

Any sentence enhancement under the obstruction-of-justice provision of § 3C1.1 ordinarily indicates that the defendant has not accepted responsibility for his conduct. § 3E1.1, comment. (n.4). Although it is possible to receive both an obstruction-of-justice enhancement and an acceptance-of-responsibility reduction, such a situation would occur only in an "extraordinary" case. Id.

Wright has not shown that this is an extraordinary case that warrants giving the acceptance of responsibility reduction despite the obstruction of justice enhancement. Wright continues to deny any wrongdoing by arguing that she did not commit a crime

in spending large amounts of union money on personal expenses. Wright asserted at the hearing that she did not intentionally steal money and that the problem was merely poor recordkeeping. Wright also continues to deny that she avoided producing the records requested by the Department of Labor. Wright has not truthfully admitted the conduct constituting the offense of conviction or her attempts to conceal the offense. United States v. Medina-Anicacio, 325 F.3d 638, 648 (5th Cir. 2003). The district court did not clearly err in denying a reduction for the acceptance of responsibility.

AFFIRMED.