# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 22, 2010

No. 09-40009
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

REYNALDO ZUNIGA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:08-CR-894-1

Before REAVLEY, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Reynaldo Zuniga pleaded guilty to conspiring to possess with intent to distribute five or more kilograms of cocaine. *See* 21 U.S.C. §§ 846, 841(a) and (b)(1)(A). He appeals his sentence of 87 months of imprisonment. Zuniga asserts that the district court abused its discretion when it refused his request that it decrease his offense level on the basis that he was a minimal participant or, alternatively, a minor participant in the conspiracy.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

According to the factual basis presented by the Government at rearraignment, Zuniga, an agent employed by the United States Customs and Border Protection Service, picked up Jose Luis Arteaga-Echazarreta (Arteaga), one of his co-conspirators, near the Texas-Mexico border on the day of the offense. Arteaga was carrying a backpack containing 11 one-kilogram bricks of a white powdery substance, with cocaine later being detected. Zuniga drove Arteaga to a Whatabuger in Hidalgo, Texas, where Arteaga was picked up by another co-conspirator. Arteaga told law enforcement authorities that he had paid Zuniga to pick him up and drive him. Zuniga informed the district court that the factual basis recited by the Government was correct. Additionally, he admitted that he picked up Arteaga knowing that Arteaga had a controlled substance in the backpack. Zuniga told the district court that he did so to help in the distribution of that substance.

A district court may grant a defendant a mitigating decrease in his offense level depending on his degree of participation in the offense. U.S.S.G. § 3B1.2. The determination whether a defendant was a minor or minimal participant is reviewed for clear error. *United States v. Villanueva*, 408 F.3d 193, 203 & n.9 (5th Cir. 2005). "A factual finding is not clearly erroneous if it is plausible in light of the record read as a whole." *Id*. at 203.

A defendant's participation in an offense is not evaluated with reference "to the entire criminal enterprise of which [the defendant was] a part"; instead, it is evaluated in relation to the defendant's conduct. *United States v. Garcia*, 242 F.3d 593, 598-99 (5th Cir. 2001) (internal quotation marks omitted). This court has consequently held that § 3B1.2 applies only when a defendant is substantially less culpable than the average participant. *Villanueva*, 408 F.3d at 203-04. And "[i]t is not enough that a defendant does less than other participants; in order to qualify as a minor participant, a defendant must have been peripheral to the advancement of the illicit activity." *Id*. at 204 (internal

2

quotation marks omitted).  It is the defendant's burden to show that he merits a § 3B1.2 adjustment.  *Garcia*, 242 F.3d at 597.

The only evidence concerning Zuniga's role consisted of the PSR's account of the conspiracy and the facts acknowledged by Zuniga at rearraignment and at sentencing.  In making factual determinations with regard to a sentence, a district court may rely on any information contained in the PSR that has any indicium of reliability.  *United States v. Shipley*, 963 F.2d 56, 59 (5th Cir. 1992).  The defendant bears the burden of showing that the PSR "is materially untrue, inaccurate or unreliable."  *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991).  Absent credible rebuttal evidence, the sentencing court may adopt the PSR as its own.  *United States v. Ford*, 558 F.3d 371, 376-77 (5th Cir. 2009).

Zuniga presented no evidence to rebut the PSR.  The district court adopted the factual recitations in the PSR.  Thus, the uncontradicted evidence is that Zuniga fully participated in the conspiracy and made possible the transportation of the cocaine that was in Arteaga's backpack.  Zuniga's participation was therefore essential, and not merely peripheral, to the advancement of the illicit activity, *see Villanueva*, 408 F.3d at 204, and was "coextensive with the conduct for which he was held accountable."  *Garcia*, 242 F.3d at 598-99.  Consequently, the district court did not clearly err in denying Zuniga a mitigating role adjustment.  *See Villanueva*, 408 F.3d at 203 & n.9.

AFFIRMED.