# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-31186
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 3, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

RAY HATTON, III,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 6:12-CR-334-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Ray Hatton, III, pleaded guilty to one count of receiving child pornography. He was sentenced to a within-guidelines sentence of 121 months of imprisonment and a lifetime term of supervised release. On appeal, Hatton argues that his sentence is procedurally and substantively unreasonable.

Generally, an appellate court reviews a district court's sentencing decision for reasonableness. *Gall v. United States*, 552 U.S. 38, 51 (2007).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-31186

When a defendant raises an issue on appeal that he did not raise in the district court, however, review is limited to plain error. *See Puckett v. United States*, 556 U.S. 129, 134-35 (2009). To show plain error, the defendant must show a forfeited error that is clear or obvious and that affects his substantial rights. *See id.* at 135. If he makes such a showing, this court may exercise its discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings. *See id.*

Hatton first contends that his sentence is procedurally unreasonable because the district court improperly presumed that the Guidelines were mandatory because they were mandated by Congress and improperly enhanced his sentence. Contrary to Hatton's contentions, the district court specifically recognized that the guidelines were advisory, and based on the unrebutted information contained in Hatton's presentence report, he has not shown that the district court plainly erred when it determined that a five-level enhancement pursuant to U.S.S.G. § 2G2.2(b)(7)(D) based on the number of images involved in the offense was warranted. *See* § 2G2.2(b)(7)(D), comment. (n.4(B)(ii)); *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991); *see also United States v. Zuniga*, 720 F.3d 587, 591 (5th Cir. 2013).

Next, Hatton contends that his prison and supervised release sentences are substantively unreasonable. The district court did not err in rejecting Hatton's various policy arguments assailing § 2G2.2, including that § 2G2.2 deserves no deference because it lacks empirical support. *See United States v. Miller*, 665 F.3d 114, 120-21 (5th Cir. 2011). Also, the record reveals that, when determining Hatton's sentences, the district court reviewed, listened to, and considered Hatton's arguments and allocution and considered the advisory sentencing guidelines range, the Sentencing Guidelines, the policy statements of the Sentencing Guidelines, and the sentencing factors of 18 U.S.C. § 3553(a).

No. 13-31186

Hatton has not rebutted the presumption that his within guidelines sentences are reasonable. *See United States v. Campos-Maldonado*, 531 F.3d 337, 338-39 (5th Cir. 2008); *United States v. Cooks*, 589 F.3d 173, 186 (5th Cir. 2009).

Accordingly, the judgment of the district court is AFFIRMED.