# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 27, 2022

Lyle W. Cayce
Clerk

No. 22-10176
Summary Calendar

United States of America,

*Plaintiff—Appellee*,

*versus*

Sergio Garcia-Lara,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:21-CR-290-1

Before Jones, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Sergio Garcia-Lara pleaded guilty to illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b)(1). The district court sentenced Garcia-Lara to 12 months of imprisonment, which represented an upward

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

variance,[1] plus two years of supervised release.  On appeal, Garcia-Lara contends that the district court erred by sentencing him based on unreliable information—that is, the allegations in the presentence report (PSR) that he may have distributed drugs.

Because we conclude that Garcia-Lara did not preserve this alleged error in the district court, we review for plain error.  *See United States v. Williams*, 620 F.3d 483, 493 (5th Cir. 2010).[2]  To show plain error, Garcia-Lara must demonstrate (1) an error; (2) that was plain or obvious; and (3) that affected his substantial rights.  *See id.* at 493-94.  If those conditions are satisfied, we may exercise our discretion to order resentencing, but only if the error "seriously affected the fairness, integrity, or public reputation of judicial proceedings."  *Id.* at 494 (internal quotation marks, brackets, and citation omitted).

For sentencing purposes, a district court "may consider any information which bears sufficient indicia of reliability to support its probable accuracy."  *United States v. Harris*, 702 F.3d 226, 230 (5th Cir. 2012) (internal quotation marks and citation omitted).  This reliability requirement is found in the Guidelines but has a constitutional dimension as well.  *See*

---

[1]  The defendant's brief to this court states:  "A Presentence Report (PSR) found a Guideline range of just 6-12 months imprisonment."  However, the actual conclusion of the PSR was a guideline range of 0-6 months, such that the 12-month sentence was an upward variance.

[2]  Although counsel for the defendant argued to the district court that the statements contained in the PSR by Garcia-Lara's ex-girlfriend regarding whether he was selling drugs were "inconsistent" with Garcia-Lara's criminal conviction history, counsel did not state that the PSR was inaccurate or should be altered.  In any event, given our primary conclusion below – that the district court did not err – the standard of review is not determinative.

U.S.S.G. § 6A1.3(a), p.s.; *United States v. Angulo*, 927 F.2d 202, 204 (5th Cir. 1991).

Putting aside the reliability of the allegations that he may have distributed drugs, Garcia-Lara's assertion is belied by the record, which indicates that the district court did not consider these allegations in selecting the upward variance. To the contrary, the district court explained that it imposed the variance because the PSR showed that Garcia-Lara had unlawfully entered the United States on four additional occasions and that, while unlawfully present in United States, Garcia-Lara had established himself as a violent and assaultive individual that uses illegal drugs. The district court did not mention the drug trafficking allegations at all during the sentencing hearing and did not suggest that those allegations contributed to its sentencing decision. Based on this record, Garcia-Lara has not shown any error, much less one that was plain or obvious. *See Williams*, 620 F.3d at 493-94.

In addition, even assuming arguendo that Garcia-Lara has satisfied the first two prongs of plain error review, he has not satisfied the third prong. *See Williams*, 620 F.3d at 493-95. To do so, Garcia-Lara must demonstrate that the error affected his substantial rights, meaning that he must demonstrate a "reasonable probability that he would have received a lesser sentence" but for the error. *Id.* at 496. In this case, however, the district court's explicit justification of the variance based on other factors belies any argument that he would have received a lesser sentence but for the district court's alleged consideration of the drug trafficking allegations. *See id.* at 495-96.

The judgment of the district court is AFFIRMED.