United States Court of Appeals
Fifth Circuit

**F I L E D**

**September 28, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-10177
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOAQUIN CADENA MURIETTA MALDONADO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 6:02-CR-42-2-C
---------------------

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Joaquin Cadena Murietta Maldonado appeals the sentence imposed following his guilty-plea conviction for conspiracy to import more than five kilograms of cocaine and more than 1000 kilograms of marijuana. He argues that the district court clearly erred in calculating the drug quantities attributable to him under the Sentencing Guidelines. Because he has not shown that the information in the Presentence Report (PSR) concerning the drug quantities involved in the offense was "materially

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

untrue, inaccurate, or unreliable," he has not shown that the district court clearly erred in adopting the information in the PSR concerning the drug quantities.  United States v. Puig-Infante, 19 F.3d 929, 943 (5th Cir. 1994); United States v. Angulo, 927 F.2d 202, 205 (5th Cir. 1991).  His argument that the district court erred in relying on the uncorroborated hearsay statements of his coconspirators lacks merit.  See United States v. Cooper, 274 F.3d 230, 240 (5th Cir. 2001).  He failed to show that he did not intend or was not reasonably capable of purchasing 50 kilograms of cocaine in the Florida transaction; therefore, the district court did not clearly err in including this quantity in the drug calculations for sentencing purposes.  See United States v. Davis, 76 F.3d 82, 85 (5th Cir. 1996).

For the first time on appeal, Murietta Maldonado argues that the drug quantities should not have been aggregated because the Government did not establish that they were all in furtherance of the same conspiracy.  This claim is reviewed for plain error.  United States v. Olano, 507 U.S. 725, 731-37 (1993).  He was held responsible for the marijuana and cocaine that he imported, bought, or sold during the course of the conspiracy as alleged in the indictment.  He stipulated that he was involved in a single conspiracy which continued during the period alleged in the indictment.  He did not establish that the district court erred in finding that he should be held responsible for the drug

quantities imported throughout the ongoing conspiracy.  See United States v. Booker, 334 F.3d 406, 414 (5th Cir. 2003).

Murietta Maldonado has filed a letter pursuant to FED. R. APP. P. 28(j) calling our attention to the Supreme Court's recent decision in Blakely v. Washington, 124 S. Ct. 2531 (2004). We have held that Blakely does not apply to the United States Sentencing Guidelines.  United States v. Pineiro, No. 03-30437, 2004 WL 1543170 (5th Cir. July 12, 2004), petition for cert. filed, (U.S. July 14, 2004).  He acknowledges that his argument is foreclosed by Pineiro, but he states that he is raising this issue to preserve it for possible Supreme Court review.  A panel of this court cannot overrule a prior panel's decision in the absence of an intervening contrary or superseding decision by this court sitting en banc or by the United States Supreme Court. United States v. Lipscomb, 299 F.3d 303, 313 n.34 (5th Cir. 2002).  Murietta Maldonado's motion requesting that the court call for supplemental briefing regarding the significance of Blakely is denied.

AFFIRMED; MOTION DENIED.