United States Court of Appeals
Fifth Circuit

**F I L E D**

**January 3, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

No. 04-10177

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

JOAQUIN CADENA MURIETTA-MALDONADO

Defendant - Appellant

Appeal from the United States District Court
for the Northern District of Texas

**ON REMAND FROM THE SUPREME COURT OF THE UNITED STATES**

Before DAVIS, SMITH, and DENNIS, Circuit Judges.

PER CURIAM:[*]

In our previous opinion in this case, we affirmed Defendant-Appellant's conviction and sentence. See United States v. Murietta-Maldonado, No. 04-10177, 111 Fed. Appx. 253, (5th Cir. 2004)(per curiam)(unpublished). Following our judgment, Murietta-Maldonado filed a petition for certiorari. The Supreme Court granted Murietta-Maldonado's petition for certiorari, vacated our

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

-1-

judgment, and remanded the case to this court for further consideration in light of United States v. Booker, 125 S. Ct. 738 (2005). We now reconsider the matter in light of Booker and decide to reinstate our previous judgment affirming Murietta-Maldonado's conviction and sentence.

Murietta-Maldonado raised a Booker-related challenge to his sentence on direct appeal before this court. Because Appellant made no Booker objection in the district court, however, Appellant's claim must fail under the plain-error test[2] discussed in United States v. Mares, 402 F.3d 511, 520-22 (5th Cir. 2005).

Murietta-Maldonado also argues that application of Justice Breyer's remedial opinion in Booker would strip him of his constitutional protections against *ex post facto* laws. He explains that Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348 (2000) gave him the right to a jury trial on all facts essential to his sentence, and Justice Breyer's remedial opinion in Booker stripped that right away. In United States v. Scroggins, 411 F.3d 572, 575-76 (5th Cir. 2005), we rejected that argument and held that Booker required us to apply both Justice Stevens' merits opinion and Justice Breyer's remedial opinion in Booker to all cases such as this one on direct review.

Finally, Murietta-Maldonado argues that his sentence was

---

[2]    The district court sentenced appellant at the top of the guideline range and gave no indication of a desire to give a different sentence had the guideline been advisory.

unreasonable.  Assuming arguendo that this argument can be made, when this objection was not raised earlier, it has no merit with respect to this guideline sentence.  See Mares, 402 F.3d 511 (5th Cir. 2005) ("If the sentencing judge exercises her discretion to impose a sentence within a properly calculated Guideline range, in our reasonableness review we will infer that the judge has considered all the factors for a fair sentence set forth in the Guidelines.").  Id. at 519.

For the reasons stated above, our prior disposition remains in effect, and we REINSTATE OUR EARLIER JUDGMENT affirming Murietta-Maldonado's conviction and sentence.