# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 20, 2011

Lyle W. Cayce
Clerk

No. 10-10983
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ADRIAN JIMINEZ-GARCIA,

Defendant-Appellant

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:10-CR-68-1

Before BENAVIDES, CLEMENT, and STEWART, Circuit Judges.

PER CURIAM:[*]

Adrian Jiminez-Garcia appeals the sentence imposed following his guilty plea to bank robbery in violation of 18 U.S.C. § 2113. He contends the district court erred by increasing his base offense level by two levels for obstruction of justice, pursuant to Guideline § 3C1.1, and denying a reduction for acceptance of responsibility, pursuant to Guideline § 3E1.1. He further argues that his sentence is substantively unreasonable.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Jiminez was assessed an obstruction of justice enhancement because the evidence submitted to the court by way of a Second Addendum to the Presentencing Report (PSR) and testimony of the investigative case agent showed that Jiminez attempted to impede the investigation and prosecution of the offense of conviction by threatening to kill co-offender Alejandro Holguin (Holguin) and his family if Holguin provided any information to the authorities about Jiminez's involvement in a bank robbery and to harm co-offender Gerardo Castro (Castro) and his mother if Castro talked about Jiminez's involvement with a bank robbery. The district court's determination that Jiminez obstructed justice is a factual finding reviewed only for clear error. *United States v. Juarez-Duarte*, 513 F.3d 204, 208 (5th Cir. 2008). "There is no clear error if the district court's finding is plausible in light of the record as a whole." *Id.*

At sentencing, the district court may consider any relevant evidence, provided that the information has "sufficient indicia of reliability to support its probable accuracy." *United States v. Betancourt*, 422 F.3d 240, 247 (5th Cir. 2005) (internal quotation marks and citation omitted). Presentence reports are generally sufficiently reliable to support a district court's factual finding. *United States v. Ayala*, 47 F.3d 688, 690 (5th Cir. 1995). "If information is presented to the sentencing judge with which the defendant would take issue, the defendant bears the burden of demonstrating that the information cannot be relied upon because it is materially untrue, inaccurate or unreliable." *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991); *United States v. Ford*, 558 F.3d 371, 376-77 (5th Cir. 2009).

As he did in the district court, Jiminez maintains that, because Holguin and Castro are not credible, their statements regarding the alleged threats are unreliable and should not be used to support an obstruction of justice enhancement. Jiminez's allegations as to the credibility, or lack thereof, of Holguin and Castro do not satisfy his burden of demonstrating that the information the district court relied on is materially untrue, inaccurate, or

unreliable. Jiminez did not testify at his sentencing, nor did he present any evidence to rebut the facts presented in the Second Addendum to the PSR or the case agent's testimony. Therefore, he has not shown that the district court erred in increasing his offense level for obstruction of justice. *See United States v. Moody*, 564 F.3d 754, 760 & n.6 (5th Cir. 2009); *United States v. Ocana*, 204 F.3d 585, 593 (5th Cir. 2000); *Ford*, 558 F.3d at 377.

Jiminez also argues that the district court erred when it denied him a reduction for acceptance of responsibility pursuant to Guideline § 3E1.1. Section 3E1.1(a) directs the sentencing court to reduce a defendant's offense level "[i]f the defendant clearly demonstrates acceptance of responsibility for his offense." § 3E1.1(a).    However, when the defendant's conduct has resulted in an obstruction of justice enhancement, as here, the enhancement for obstruction of justice ordinarily "indicates that the defendant has not accepted responsibility for his criminal conduct." *Juarez-Duarte*, 513 F.3d at 211 (quoting § 3E1.1, comment. (n.4)).    Only in "extraordinary cases" will both adjustments apply. § 3E1.1, comment. (n.4). The defendant bears the burden of proving entitlement to the reduction, *United States v. Thomas*, 120 F.3d 564, 574-75 (5th Cir. 1997), and the denial of credit for acceptance of responsibility will be affirmed "unless it is without foundation." *Juarez-Duarte*, 513 F.3d at 211.

Jiminez asserts that, because the conduct on which the obstruction enhancement was based (the threats made to Holguin and Castro) occurred before he was arrested, the district court should focus on his actions after his arrest – he clearly accepted responsibility for his offense; he pleaded guilty early in the proceedings; he debriefed with the case agent; and he stipulated to the accuracy of the PSR. Jiminez's contentions do not sustain his burden of showing entitlement to an acceptance of responsibility adjustment.  Jiminez does not argue and the record does not support that this case is an extraordinary case where an adjustment for obstruction of justice and acceptance of responsibility should apply.   Accordingly, Jiminez has not shown that the district court's

3

refusal to adjust his offense level for acceptance of responsibility was "without foundation." *See United States v. Solis*, 299 F.3d 420, 458 (5th Cir. 2002); *Juarez-Duarte*, 513 F.3d at 211; § 3E1.1, comment. (n.4).

Jiminez further argues that his non-guidelines sentence is substantively unreasonable. In particular, Jiminez asserts that the sentence imposed is greater than necessary to achieve the goals of 18 U.S.C. § 3553(a), that the district court failed to consider all information and arguments offered in mitigation of his punishment, and that there is a disparity between his sentence and the sentences of his co-defendants.

Appellate courts review sentences for reasonableness, applying an abuse of discretion standard of review. *See Gall v. United States*, 552 U.S. 38, 50-51 (2007). The court of appeals first inquires whether the district court committed procedural error. *Id.* at 51. If the sentence imposed is procedurally sound, the reviewing court then will consider whether the sentence is substantive reasonable. *Id.*

At Jiminez's sentencing, after considering the § 3553(a) factors, the district court determined that an appropriate sentence for Jiminez was 240 months of imprisonment, which was the statutory maximum. This was an upward variance from the advisory guidelines sentencing range of 151 to 188 months. When imposing this sentence, the district court specifically noted that Jiminez committed six bank robberies, but his advisory sentencing guidelines range only considered two of the robberies. The district court also commented on the extreme nature and circumstances of the offense and on Jiminez's history and characteristics, observing Jiminez's threats against Holguin and Castro. The district court stated that an upward variance would reflect the seriousness of the offense, promote respect for the law, afford adequate deterrence, and protect the public from further crimes of the defendant. The district court considered Jiminez's arguments, the facts of the case, and the appropriate statutory sentencing factors before imposing Jiminez's sentence. Jiminez's disagreement

with the district court's assessment of the factors is insufficient to establish that the district court abused its discretion. *See Gall*, 552 U.S. at 51.

Regarding the § 3553(a)(6)'s sentencing disparity argument, Jiminez has not shown that there is an unwarranted sentencing disparity between himself and any of his co-offenders or himself and any other similarly situated convicted bank robber. Moreover, as for the deviation in this case, although it was significant, this court has affirmed similar deviations. *See, e.g., United States v. Key*, 599 F.3d 469, 475-76 (5th Cir. 2010) (affirming a 216-month sentence when the applicable guidelines range was 46 to 57 months), *cert. denied*, 131 S. Ct. 997 (2011); *United States v. Brantley*, 537 F.3d 347, 349-50 (5th Cir. 2008) (affirming concurrent terms of 120 months and 180 months of imprisonment from a range of 41 to 51 months); *United States v. Lopez-Velasquez*, 526 F.3d 804, 807 (5th Cir. 2008) (affirming a 72-month sentence when the upper end of the guidelines range was 30 months); *United States v. Jones*, 444 F.3d 430, 433, 441-42 (5th Cir. 2006) (affirming 120-month sentence from a guidelines range of 46 to 57 months); *Smith*, 440 F.3d at 705-06, 708-10 (upholding a 60-month sentence when the upper end of the guidelines range was 27 months); *United States v. Smith*, 417 F.3d 483, 492 & n.40 (5th Cir. 2005) (affirming 120-month sentence from a guideline maximum of 41 months).

Lastly, to the extent that Jiminez argues that the district court could not rely on factors already encompassed within the guidelines to support a non-guidelines sentence, this argument is foreclosed. The district court is not precluded from imposing a variance based on factors that the Guidelines had already taken into account. *See Brantley*, 537 F.3d at 350.

AFFIRMED.