# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

No. 14-30915
Summary Calendar

July 23, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JAMES WARD DAVIS,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 5:14-CR-39-1

Before STEWART, Chief Judge, and SMITH and OWEN, Circuit Judges.

PER CURIAM:[*]

James Ward Davis pleaded guilty to making a false oath in relation to a bankruptcy case pursuant to 18 U.S.C. § 152(2). He was sentenced to the statutory maximum of 60 months in prison, to be followed by three years of supervised release. He was also ordered to pay restitution to Furie Petroleum, LLC(Furie), CNA Insurance Company (CNA Insurance), and Jones, Odom, Davis & Politz, LLP (JODP). On appeal, Davis challenges his sentence.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-30915

Davis first asserts that the district court erred when it failed to grant him a one-level reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(b).  The Government appears to indicate that it was error for the district court to deny Davis the additional one-level reduction but argues that the error was harmless.

Appellate courts review the procedural reasonableness of a sentence under an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 46, 49-50 (2007); *Rita v. United States*, 551 U.S. 338, 351 (2007).  When considering a claim of procedural error, this court reviews the district court's interpretation and application of the Guidelines de novo and its findings of fact for clear error.  *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008).  If the district court committed a procedural error, such as improperly calculating the guidelines range, remand is required unless the error was harmless.  *United States v. Delgado-Martinez*, 564 F.3d 750, 752-53 (5th Cir. 2009).  "A procedural error during sentencing is harmless if the error did not affect the district court's selection of the sentence imposed."  *Id.* at 753. (internal quotations marks and citations omitted).

The record reflects that any error in denying the one-level acceptance of responsibility adjustment was harmless.  The sentence imposed by the district court was not influenced by an erroneous guidelines calculation.  Rather, the reasons given by the district court in support of the above-guidelines sentence reflect that the sentence was based "on factors independent of the Guidelines," such as the nature and circumstances of the offense, the history and characteristics of Davis, and the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence to criminal conduct, and to protect the public from further crimes of the defendant.

No. 14-30915

Davis also argues that the district court erred in imposing a two-level position of trust enhancement under U.S.S.G. § 3B1.3. Because Davis objected to this enhancement in the district court, review is for clear error. *United States v. Miller*, 607 F.3d 144, 147-48 (5th Cir. 2010). A factual finding is clearly erroneous only if, in light of all the evidence, this court is left "with the definite and firm conviction that a mistake has been committed." *United States v. Rose*, 449 F.3d 627, 633 (5th Cir. 2006) (internal quotation marks and citation omitted).

Under § 3B1.3, an enhancement is appropriate if (1) the defendant occupies a position of trust and (2) the defendant abused that position in a manner that significantly facilitated the commission or concealment of the offense. § 3B1.3; *United States v. Ollison*, 555 F.3d 152, 165 (5th Cir. 2009). On appeal, Davis does not challenge that he is an attorney and that attorneys inherently occupy a position of public trust. *See United States v. Harrington*, 114 F.3d 517, 519 (5th Cir. 1997). His arguments involve the second inquiry. He asserts that he did not use his position of trust to facilitate the offense of conviction, which is making false statements in a bankruptcy case.

The district court did not err when it applied the position of trust enhancement to Davis's sentence. In *United States v. Sidhu*, 130 F.3d 644, 655-56 (5th Cir. 1997), a doctor was charged with defrauding various government programs and insurance companies by billing for patient services that were either not performed, not performed as billed, or performed by non-physicians. *Id.* at 647. The PSR recommended a position of trust enhancement because the doctor "abused his position of trust with his patients," even though the patients were not the true victims of the charged offense. *Id.* at 656. This court affirmed the § 3B1.3 enhancement, stating that the doctor's "abuse of his patients' trust "significantly facilitated the commission" of the offense. *Id.*

3

This court has "interpret[ed] *Sidhu* to allow the [position of trust] enhancement whenever any victim of a criminal scheme placed the defendant in a position of trust that significantly facilitated the crime." *United States v. Buck*, 324 F.3d 786, 795 (5th Cir. 2003). Here, although Furie was not the victim of the offense of conviction of making false statements in a bankruptcy proceeding, Furie was the victim of Davis's criminal scheme to defraud Furie of $1 million. Additionally, the false statements that form the basis of the offense of conviction concerned the business arrangement between Davis and Furie, in which Davis held a position of trust. Moreover, Davis made the false statements in an attempt to conceal his criminal actions against Furie. Thus, Davis's position of trust with respect to Furie supports the abuse of trust enhancement. *See Buck*, 324 F.3d at 795; *Sidhu*, 130 F.3d at 655-56.

Davis further asserts that there is an insufficient factual basis to support the restitution award to CNA Insurance in the amount of $688,893.80 and JODP in the amount of $10,000. He contends that these two awards are not supported by competent evidence.

"District courts are accorded broad discretion in ordering restitution." *United States v. Aubin*, 87 F.3d 141, 150 (5th Cir. 1996). This court reviews "the quantum of an award of restitution for abuse of discretion." *United States v. Sharma*, 703 F.3d 318, 322 (5th Cir. 2012). A district court abuses its discretion when its ruling is "based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Crawley*, 533 F.3d 349, 358 (5th Cir. 2008) (internal quotation marks and citation omitted).

When sentencing a defendant, the district court may consider any relevant evidence, such as a PSR, to support the district court's factual finding provided that the information has "sufficient indicia of reliability to support its probable accuracy." *United States v. Zuniga*, 720 F.3d 587, 590-91 (5th Cir.

2013) (internal quotation marks and citation omitted).  "If information is presented to the sentencing judge with which the defendant would take issue, the defendant bears the burden of demonstrating that the information cannot be relied upon because it is materially untrue, inaccurate or unreliable." *United States v. Angulo*, 927 F.2d 202, 205 (5th Cir. 1991); *see Zuniga*, 720 F.3d at 591 (stating that "[r]ebuttal evidence must consist of more than a defendant's objection" (internal quotation marks and citation omitted)).

In this case, when sentencing Davis, the district court relied on the facts contained in the PSR.  The PSR recommended that in addition to the plea agreement's recommended restitution order of $311,106.20 to Furie, restitution should be awarded to JODP for $10,000 and CNA Insurance for $688,893.80.  The facts supporting this restitution award, which are found in the PSR, plea agreement, and letter from JODP,  include the following: Davis misappropriated $1 million of Furie's money; Furie filed civil suits against Davis and JODP to recover the misappropriated funds; Furie settled with Davis for $311,106.20; after JODP paid its malpractice insurer, CNA Insurance, its $10,000 deductible, CNA Insurance settled with Furie.

In the district court, Davis did not present contrary evidence to the foregoing facts.  On appeal, Davis continues to offer no evidence to show that this factual information is untrue, inaccurate, or unreliable.  Instead, Davis merely contends that the letter from JODP was not sufficient to support the restitution award.  Because CNA Insurance and JODP's amount of loss was adequately supported by information contained in the PSR, which properly considered JODP's letter, absent contrary evidence, the district court was entitled to rely on this information when determining the restitution award. *See Zuniga*, 720 F.3d at 591; *Sharma*, 703 F.3d at 324 n.21; *see also Aubin*, 87 F.3d at 150 (holding that victim's letter stating amount of its loss was

"adequate factual basis" for restitution amount).  The record does not leave a "definite and firm conviction" that the district court erred when it awarded CNA Insurance and JODP restitution.

Lastly, Davis challenges the substantive reasonableness of his sentence. He argues that his above-guidelines prison sentence is greater than necessary to achieve the sentencing goals set forth in 18 U.S.C. § 3553(a) and thus is unreasonable.

Davis's sentence of 60 months in prison is outside the advisory guidelines sentencing range.  Sentences, whether inside or outside the advisory guidelines range, are reviewed for reasonableness under an abuse of discretion standard. *Gall*, 552 U.S. at 51.  Davis, however, did not object to the substantive reasonableness of the sentence imposed.  Accordingly, review is for plain error. *Puckett v. United States*, 556 U.S. 129, 135 (2009); *United States v. Peltier*, 505 F.3d 389, 391-92 (5th Cir. 2007).  If the appellant makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of judicial proceedings.  *Id.*

The record demonstrates that the district court assessed the facts and mitigating arguments and determined that a sentence within the advisory guidelines range was insufficient to achieve the sentencing goals set forth in § 3553(a).  While Davis is correct that the district court considered his profession as an attorney when determining his sentence, this was not the only factor considered by the court.  At Davis's sentencing hearing, the district court stated it considered all the factors of § 3553(a).  Davis's arguments essentially constitute a disagreement with the district court's weighing of the § 3553(a) factors and correctness of the sentence imposed.  This disagreement does not show error in connection with his sentence, nor does it show that the sentence imposed was not reasonable.  *See United States v. Lopez-Velasquez*, 526 F.3d

804, 807 (5th Cir. 2008). Furthermore, this court does not reweigh the § 3553(a) factors and reexamine their relative import, nor will it reverse the district court on the basis that this court could reasonably conclude that a different sentence was proper. *See Gall*, 552 U.S. at 51; *United States v. McElwee*, 646 F.3d 328, 344 (5th Cir. 2011).

AFFIRMED.